UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CR-0115-CVE |
| ) | |
| RICHARD DALE DEETER, JR., ) | |
| DONALD B. PEARSON, ) | |
| JONNA ELISE STEELE, ) | |
| previously named as Jonna Elisa Steele, ) | |
| IZABELLA MARIE BOLING, ) | |
| a/k/a Turbo, ) | |
| NICOLE COX, ) | |
| a/k/a Nicole Michelle Jenner, ) | |
| a/k/a Nicole Michelle Cox, ) | |
| a/k/a Nicole Patterson, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now before the Court is defendants Jonna Elise Steele and Donald B. Pearson's Unopposed Motion Requesting to Declare this Case a Complex Matter and Extend Deadlines (Dkt. # 32). This case is set for a pretrial conference on June 16, 2022 and for a jury trial on July 11, 2022. On April 19, 2022, a grand jury returned a 43 count indictment (Dkt. # 2) charging six defendants with drug conspiracy and other firearm and drug offenses.[1] Defendants each face a statutory mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if convicted on the drug conspiracy charge (count six). Defendants state that plaintiff has not yet produced discovery materials to defense counsel, but plaintiff has advised defense counsel that the discovery will be

---

[1] Defendant John Wesley Sparks is a fugitive and has not appeared in this case. All other defendants have appeared and counsel have been appointed to represent them.

voluminous. Dkt. # 32, at 2. Defendants ask the Court to declare this matter a complex case and to continue this case to the November 2022 jury trial docket. Plaintiff does not object to defendant's request to declare this matter a complex case. Id. at 1. Each defendant who has appeared has filed a speedy trial waiver. Dkt. ## 47, 61, 63, 69, 71.

Defendants state that it will take their attorneys a substantial amount of time to review the discovery materials and prepare a defense, and they ask the Court to declare this matter a complex case under §§ 3161(h)(7)(A) and (h)(7)(B)(ii) of the Speedy Trial Act. Dkt. # 32. These sections permit a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendants' motion and finds that their request to declare this matter a complex case should be granted. Defendants are facing a statutory mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if convicted of drug conspiracy. Plaintiff has advised defense counsel that it will produce voluminous discovery materials, and defense counsel state that they will need additional time to review the discovery materials and prepare for trial. The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against defendants' interest of having adequate time to prepare for trial. Under these circumstances, defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by granting the parties request for a continuance.

**IT IS THEREFORE ORDERED** that defendants Jonna Elise Steele and Donald B. Pearson's Unopposed Motion Requesting to Declare this Case a Complex Matter and Extend Deadlines (Dkt. # 32) is **granted**. **This case is declared complex**. All deadlines in the scheduling order (Dkt. # 56), including the June 16, 2022 pretrial conference and the July 11, 2022 jury trial, are **stricken**.

**IT IS FURTHER ORDERED** that the scheduling order is amended as follows:

| | |
|---|---|
| Motions due: | October 5, 2022 |
| Responses due: | October 19, 2022 |
| PT/CP/Motions Hearing: | **November 2, 2022 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | November 14, 2022 |
| Jury Trial: | **November 21, 2022 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time from July 11, 2022, inclusive, to November 21, 2022, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS FURTHER ORDERED** that defendants Richard Dale Deeter, Jr.'s and Nicole Cox's motions (Dkt. ## 62, 70) to join in the motion to declare case complex are **granted**.

**DATED** this 1st day of June, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE