IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD DALE DEETER, JR.,<br>DONALD B. PEARSON,<br>JONNA ELISA STEELE,<br>IZABELLA MARIE BOLING,<br>a/k/a "Turbo,"<br>NICOLE COX,<br>a/k/a "Nicole Michelle Jenner,"<br>a/k/a "Nicole Michelle Cox,"<br>a/k/a "Nicole Patterson,"<br><br>Defendants. | Case No. 22-CR-00115-CVE |

### PROTECTIVE ORDER TO DISCLOSE
### DISCOVERY AND ALL 18 U.S.C. SECTION 3500 MATERIAL

Upon the unopposed motion of the United States for a protective order (Dkt. # 74), in which the government seeks a protective order for all discovery and investigative materials to include, but not be limited to, materials subject to Rule 6(e) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 3500 (both hereinafter referred to as 3500 material), and for personal identifying information (addresses, phone numbers, social security numbers, and dates of birth, hereinafter "PII") contained in the 3500 material and other investigative materials to be provided in discovery.

The Court finds as follows:

1. The Jencks Act requires that the Government, on motion of the Defendants, produce any "statement" of a witness it has called that relates to the subject matter to which the witness has testified. 18 U.S.C. § 3500(b) (1988). This material includes a transcript of a witness's testimony before a grand jury. *Id.*, § 3500(e)(3); *United States v. Bailey*, 944 F.2d 911, 1991 WL 180087 (10th Cir. 1991) (unpublished) (citing *United States v. Knowles*, 594 F.2d 753, 755 (9th Cir. 1979).

2. Under 18 U.S.C. § 3500, the United States is required to produce the statements after each witness testifies. However, this precludes the kind of independent review of the materials by defendants and their counsel that fosters plea negotiations. Where there is a legitimate concern for witness safety, a protective order of the sort requested by the Government will facilitate the valuable practice of early and expansive disclosure of grand jury transcripts and 3500 material while reducing the danger to witnesses.

3. Fed. R. Crim. P. 26.2(a) states that after a witness has testified on direct examination, the Defendants are entitled to a transcript of the grand jury testimony and investigative materials of the witness. It is the practice in this district to voluntarily disclose grand jury transcripts and investigative materials during discovery, thereby preventing delays during the trial

4. Fed. R. Crim. P. 6(e)(1) gives the United States Attorney custody and control of grand jury transcripts until the Court orders otherwise. Rule 6(e)(2) states "an attorney

for the government . . . shall not disclose matters occurring before the grand jury, except as otherwise provided in these rules." There are several exceptions to the rule, and one exception allows grand jury transcripts to be released when directed by the Court. Fed. R. Crim. P. 6(e)(3)(E)(i).

5. Fed. R. Crim. P. 16(d)(1) provides that the Court may "for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced in discovery. Where appropriate, a trial court can and should place a defendant and his attorney under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. *Alderman v. United States*, 394 U.S. 165, 185 (1969).

6. To protect individuals who have provided assistance in the criminal investigation and could be potentially targeted, threatened and intimidated, to protect the PII contained in any materials provided during discovery, to protect the ongoing investigation, to prevent the destruction of evidence, to prevent targets from becoming fugitives, to protect the sanctity and secrecy of the grand jury process, to prevent the intimidation of others who may have cooperated previously or are now cooperating and to protect the Government's attorneys if they disclose to Defendants' counsel, prior to trial, grand jury and other investigative materials which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83

(1963), a Protective Order should be entered.

**IT IS THEREFORE ORDERED** that the motion (Dkt. #74) is **granted.** The government attorney is protected if, prior to trial, he discloses to counsel for the above defendants the 3500 material and the PII, which must be disclosed under normal circumstances pursuant to the dictates of the *Jencks* Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 16; *United States v. Giglio,* 405 U.S. 150 (1972) and *Brady v. Maryland,* 373 U.S. 83 (1963).

**IT IS FURTHER ORDERED** that

    a.    the defendants and defense counsel shall not disseminate any documents, recordings, or hard drives provided by the government in discovery, including, but not limited to, grand jury material or transcripts, reports of interviews, and/or police reports;

    b.    the defendants and defense counsel shall not disclose, repeat, give, show, make available, discuss or communicate in any way to anyone the content of any of the documents, recordings, or hard drives, including the PII provided pursuant to discovery; provided, however, that the content may be shared with the defendants, the defendants' attorneys of record in this case, their prospective witnesses, experts, consultants, contractors, subcontractors and agents, including litigation support personnel and/or others assisting in their preparation for trial of this case;

    c.    the defendants and defense counsel shall not reproduce the PII, any documents, recordings, or hard drives provided pursuant to discovery for dissemination to any persons or parties, including the defendants named in the case, and shall maintain complete custody and control over these items provided pursuant to discovery; provided, however, that the PII, documents, recordings, or hard drives provided pursuant to discovery may be reproduced and disseminated to the defendants' experts, consultants, contractors, subcontractors and agents, including litigation support personnel and/or others assisting in their preparation for trial of this case;

    d.    all documents, recordings, or hard drives provided pursuant to discovery in this case will be stored at defense counsels' offices or the offices of any defense expert, consultant, contractor, subcontractor and agent, including litigation support personnel and/or others assisting in the preparation for trial of this case, who shall be subject to the

same disclosure limitations;

e. any notes, memoranda, summaries or other documents reflecting the PII, documents, recordings, or hard drives provided pursuant to discovery or copies made of PII, documents, recordings, or hard drives provided pursuant to discovery will also be stored at defense counsels' offices or at the offices of any defense expert, consultant, contractor, subcontractor and agent, including litigation support personnel and/or others assisting in the preparation for trial of this case and will be considered protected documents;

f. prior to allowing the defendants, defendants' prospective witnesses, experts, consultants, contractors, subcontractors and agents, including litigation support personnel and/or others assisting in the preparation for trial of this case access to documents, recordings, or hard drives provided pursuant to discovery, defense counsel will advise each person of the limitations on use and disclosure of the documents, recordings, or hard drives or the contents thereof, as dictated by this motion and subsequent Protective Order, and will provide each such person with a copy of the Protective Order issued in this case; and

g. within 90 days of the final conclusion of this matter, to include any appeal to the 10th Circuit Court of Appeals, the United States Supreme Court or final determination of any 28 U.S.C. § 2255 motion, defendant shall return all documents, recordings, or hard drives and all copies to counsel for the United States.

_____
Christine D. Little
UNITED STATES MAGISTRATE JUDGE