IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Case No. 22-CR-115-CVE** |
| ) | |
| **RICHARD DALE DEETER, JR.,** ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT RICHARD DALE DEETER JR.'S MOTION[1] TO DISCLOSE IDENTITY OF INFORMANTS

Defendant Richard Dale Deeter, Jr. (hereinafter referred to as "Mr. Deeter") hereby Mr. Deeter hereby moves the Court to order disclosure of the identity of "Unindicted Co-Conspirators" 1-5.

In the alternative, Mr. Deeter asks the Court to engage in an *in camera* hearing to ensure that "Unindicted Co-Conspirators" 1-5 neither participated in the allegations set forth in the Indictment nor are privy to exculpatory information.

---

[1] The parties have conferred in good faith on this issue, and an agreement will hopefully ensue. The undersigned filed this Motion out of an abundance of caution as the day of this filing was the motion deadline in this case and an arrangement had yet to be made.

**Disclosing the Identity of Informants Generally**

The general rule for disclosing the identity of informants appears in <u>Roviaro v. U.S.</u>, 353 U.S. 53 (1957). It isn't a very stringent standard:

> "Where the disclosure of an informer's identity, or of the contents of his communications is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action."

<u>Id.</u> at 61.

Cases construing <u>Roviaro</u> indicate that involvement in the activities at issue in a case militate toward disclosure of the informant's identity as well.

In <u>Roviaro</u> the Supreme Court ruled disclosure mandatory in large part because of the informant's involvement in the charged activities:

> "This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of government witnesses. Moreover, a government witness testified that Doe denied knowing petitioner or ever having seen him before. We conclude that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure."

<u>Roviaro</u>, 353 U.S. at 64-65.

Later cases clarify that involvement by the informant in the charged activities counsels very strongly in favor of ordering the informant's identity disclosed:

> "Thus, the extent of the informant's participation in the crime charged is a significant factor in deciding whether his identity should be disclosed.…**The fact that if Jeffries is CI # 2, then CI# 2 played, under the defendant's theory, a 'pivotal role' in the alleged offense is a strong indicator that**

**disclosure is appropriate**."

U.S. v. Ham, 29 F.Supp.2d 67, 69-70 (D. Conn. 1998)(emphasis added)(citations omitted). (*See also* U.S. v. Price, 783 F.2d 1132, 1139 (4th Cir. 1986):

> "The court held that where an informant is a participant in a criminal enterprise, a defendant is not required to present proof of his or her need for the informant's testimony. Such a requirement would place an 'unjustifiable burden on the defense'....the informant in *McLawhorn* 'participated in the criminal incident through attempting to arrange a sale
>
> federal agent, riding in a car with the agent and the defendant and participating in the sale. The court concluded that under these circumstances, the trial court had erred in refusing to compel disclosure of the informant's identity....the informant in this case did much more than tip off the government regarding Price's alleged desire to sell his rig. The informant set up the deal. He was a necessary party to the telephone negotiations which led to the attempted sale. It was in the course of the phone call that the informant communicated the alleged offer of sale to the agent, an unidentified person alleged to be Price named his price, and both sides, through the informant, agreed. The informant was clearly an 'active participant' in the episode under *McLawhorn*....The informant's involvement did not cease after the sale had been arranged. The informant introduced Price to agent Zacur, drove to the Holiday Inn and supplied Zacur with channel locks to break the seal on the truck. According to Agent Friel, the informant also brought Price into the Holiday Inn bar to introduce him to Friel…")

(*citing* Roviaro, *Supra*, and McLawhorn v. North Carolina, 484 F.2d 1 (4th Cir. 1973)).

Tenth Circuit precedent supports the disclosure of an informant's identity when the informant has been a participant in the allegedly illegal activities. It also supports the proposition that an *in camera* hearing take place if there is any chance an informant may provide exculpatory testimony. Gaines v. Hess, 662 F.2d 1364 (10th Cir.1981).

In Gaines, the Tenth Circuit remanded a case in which an informant had contacted the police and acted as an intermediary between an undercover police officer and Mr.

Gaines. According to the policeman, Mr. Gaines sold him a quantity of illegal drugs.

Mr. Gaines asked for the informant's identity to be revealed because the informant was involved in the alleged transaction and because the informant could have offered testimony that was inconsistent with that of the policeman. The trial court refused, the Oklahoma Court of Criminal Appeals affirmed that refusal, and in the subsequent *Habeas Corpus* action, the federal district court refused to set aside the decision.

As set forth above, it is beyond doubt that disclosure, or at the very least, *in camera* proceedings, are in order if an informant is a participant in what is alleged to constitute the crime charged. In this case, the informants had to be involved. There really isn't any other way they could have the knowledge the Indictment alleges them to have had , unless they were buying drugs - - or selling them to Mr. Deeter, and flipping the script by making Mr. Deeter out to be the dealer and they the buyers in order to avoid the consequences of their own drug trafficking crimes.

The informants' involvement in the matters at the heart of this case justify the disclosure of their identities, or at the very least, an *in camera* hearing on the matter.

## Conclusion

The informants in this case had to be involved in the subject matter of this case. Their identities should be disclosed. At the very least, the Court should conduct *in camera*

proceedings to determine the usefulness of the informants to the Defense.

        Respectfully submitted,

        s/Fred Randolph Lynn
        Fred Randolph Lynn, OBA #15296
        907 South Detroit Avenue
        Suite 1330
        Tulsa, Oklahoma 74120-4205
        (918) 693-8299
        (918) 392-7936 (facsimile)
        fredrandoplphlynn@gmail.com

        Attorney for Mr. Deeter

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System, which will then send a notification of such filing (NEF) to all counsel of record registered with the CM/ECF system.

        s/Fred Randolph Lynn