IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

United States of America,

    Plaintiff,

vs.

Johnny Wesley Boyd Sparks,

    Defendant.

22-CR-115-JFH

## ORDER

Before the Court is defendant's unopposed Motion to Continue Pretrial Motion Deadline, Pretrial Conference and Trial (Dkt.#    ) filed by the Defendant Mark Stuart Daugherty ("Defendant")  The Government does not oppose the Motion. Dkt. No. ___ at ___. Defendant requests that the Court continue the trial for sixty (60) days to allow counsel to review discovery, investigate the case, engage in plea negotiations, and prepare for trial. *Id*. at 1.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act.  This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. <u>Id</u>. The statute permits a court to consider whether "the failure to grant such a continuance… would deny counsel for the defendant… the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence." <u>Id.</u> at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool". <u>United States v. Williams</u>, 511 F.3d 1044, 1048-49 (10th Cir. 2007). *See also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), (explaining the circumstances in which an ends of justice continuance can be granted and emphasizing that this should be a rarely used procedural tool). The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." <u>Id</u>. at 1271. This requires the parties to provide specific information about the need for a continuance. <u>Id.</u> at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. <u>Id.</u> at 1273.

In this case, defendant states that he requires additional time to review disclosure, obtain additional disclosure from the government, and to conduct further investigation and research. (Dkt. #    ).

The Court finds that Defendant has been fully advised of his right to a speedy trial and that he has freely and voluntarily waived his right and specifically requests that the continuance of his jury trial be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161, et seq. See Speedy Trial Waiver [Dkt. No.     ]. The Court finds that an ends of justice continuance is appropriate under the circumstances, given the reasons articulated in Defendant's Motion. In addition to the interests of the Defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and

finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters. Accordingly, the Court finds that the ends of justice served by granting this continuance outweigh the best interests of the public and Defendant in proceeding with a trial in July 2021. See 18 U.S.C. § 3161(h)(7)(A). Therefore, for good cause shown, the Court finds that the Third Motion to Continue Trial and Motion to Extend Pretrial Motion Deadline [Dkt. No.   ] filed by Defendant Mark Stuart Daugherty should be **GRANTED**.

**IT IS THEREFORE ORDERED** that defendant's motion to continue scheduling order (Dkt.#   ) is **GRANTED**. The pretrial motions deadline set for Decem 16, 2022, and the trial date of January 17, 2023 is stricken. The Pretrial Conference set for January 6, 2023 is also stricken. The following amended Scheduling Order is hereby entered:

Motions due:

Responses due:

PT/CP/Motions Hearing**:**

Voir Dire, Jury Instructions, Trial Briefs due:

Jury Trial:

**IT IS FURTHER ORDRED** that the time from        , inclusive, to        , inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this _____ day of December 2022.

_____
Gregory K. Frizzell
United States District Judge

3