## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 22-CR-115-JFH |
| | ) |
| RICHARD DALE DEETER, JR., | ) |
| | ) |
| Defendant. | ) |

### Opposed Motion for Particularized Discovery[1]

Defendant Richard Dale Deeter, Jr. (hereinafter referred to as "Mr. Deeter"), by and through counsel, hereby moves the Court to order the disclosure of what the Government actually intends to use against him at trial in this case.

A Brief in Support of this Motion is set forth below.

### Introduction

The case was initially begun *via* a sealed Indictment (Dkt. # 2). Mr. Deeter was named a party in that Indictment. Mr. Deeter made an initial appearance on May 23, 2022 (Dkt. # 52).

The case was declared "Complex" for 18 U.S.C. § 3161(h)(7)(B) purposes on June 1, 2022 (Dkt. # 76). That was in large part because the volume of discovery (Dkt. # 76, Pp. 1-2).

The Government, to its credit, has exerted great effort in timely producing discovery.

---

[1] The parties have conferred in good faith on this issue, and been unable to resolve the dispute. Concurrence was refused because the Government's position is that a witness and exhibit list as required by the local rules adequately addresses Mr. Deeter's concern.

However, the materials are so voluminous that counsel for Mr. Deeter does not know what the Government actually intends to introduce into evidence at trial against him, in support of which allegations.

## The Rules

Fed.R.Cr.P. 12(b)(4)(B) indicates that the Government, upon request, should specify exactly what evidence it intends to use at trial:

"Rule 16 of the Federal Rules of Criminal Procedure authorizes a defendant's discovery of, *inter alia*, books, papers, documents, data, photographs, and tangible objects that are 'within the government's possession, custody, or control' and are 'material to preparing the defense', or '[that] the government intends to use...in its case-in-chief- at trial [or that were] obtzined from or belong [] tp tje defemdant.' FED.R.CRIM..P. 16(a)(1)(E). Rule 12 (b)(4) imposes on the government an additional discovery obligation, providing that: 'At the arraignment, or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under rule 12(b)(3)(C) , request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.' FED.R.CRIM.P.12(b)(4)"

U.S. v. Anderson, 416 F.Supp.2d 110, 111 (D. D.C. 2006);

"Federal Rule of Criminal Procedure12(b)(4)(B) reads, 'at the arraignment or as soon afterwards as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16'. The court recognizes that the Government has indicated it has complied with 'its obligation under Rule 16',...but [Defendant]...indicates...that she is unable to otherwise determine how the evidence implicates her which in turn causes her to be unable to determine if a suppression or severance motion is necessary.  While rarely used by practitioners before this Court, Rule 12(b)(4)(b) requires notice to be given by the Government to facilitate the filing of a defendant's suppression motion, but it says nothing of severance.  The Court interprets...[Defendant's]...motion as requesting notice pursuant to Rule 12(b)(4)(B). The notice required by the language of the rule is notice of what, if any, of the Rule 16 evidence that a defendant is entitled to receive will be used at trial; evidence that is not subject to Rule 16 disclosure, is not subject to the notice requirement of Rule 12(b)(4)(B)....it should also be noted that when the Government has an open file policy with regard to its prosecution, this policy does not comply with Rule 12(b)(4)(B), because it does not specify which evidence the government intends to use at trial....the Government must provide the notice required under Federal Rule of Criminal Procedure 12(b)(4)(B)."

U.S. v. Cheatham, 500 F.Supp.2d 528, 534-35 (W.D. Pa. 2007)(citations omitted).

Other cases, particularly in cases where there are a large number of potentially admissible documents, demonstrate the obligation of the prosecution to supply the defense with a breakdown of exactly what it intends to use and the propriety of ordering such disclosure:

"The government has produced documents that it intends to use in its case-in-chief, but defendant contends that, with respect to financial information and various calendar and diary pages, it has done no more than to identify several thousand pages, any of which it 'may' rely on at trial. This broad brush approach, defendant contends, is not sufficient to meet its obligations. The Court agrees".

U.S. v. Poindexter, 727 F.Supp. 1470, 1484 (D. D.C. 1989)(reversed on other grounds, 951 F.2d 369 (D.C. Cir. 1992));

"To the extent that the government's open files contain information that is subject to Rule 16 discovery, Rule 12(d)(2) creates a notice requirement. The open file policy does not, in and of itself, satisfy this notice requirement because it does not specify which evidence the government intends to use at trial'….Providing open-file discovery does not satisfy Rule 12(d)(2) because 'the defendant is still left "in the dark" as to exactly what evidence, discoverable under Rule 16, the government intends to rely upon in its case in chief at trial.' ….Thus, the district court erred in ruling that the government's open-file discovery satisfied the requirement of Rule 12(d)(2). The government's failure to designate either the telephone or the cardboard as evidence was a violation of the rule."

U.S. v. de la Cruz-Paulino, 61 F.3d 986, 992-93 (1st Cir. 1995)(citing U.S. v. Kelley, 120 F.R.D. 103, 107 (E.D. Wis. 1988), and U.S. v. Brock, 863 F.Supp. 851, 868 (E.D. Wis. 1994)).

Rule 12(b)(4)(B) is designed for cases such as this, where the volume of discoverable material renders its production difficult to assist in trial preparation. Rule 12(b)(4)(B) allows the defense to discover which evidence the prosecution will actually use, separate and apart from other materials subject to discovery:

"In this case, the government's response does not fulfill the requirements of Rule 12 (d) since the defendant is still 'left in the dark' as to exactly what evidence, discoverable under Rule

3

16, the government intends to rely upon in its case in chief at trial. The open-file policy does not particularize this evidence."

U.S. v. Kelley, 120 F.R.D. 103, 107 (E.D. Wis. 1988).

The theory behind the rule requiring specific, rather than blanket, disclosure is simple, and stated within the text of Rule 12 itself. Fed.R.Cr.P. 12 (b)(4)(B) is "…intended to facilitate the making of a pretrial motion for suppression of evidence." Wright & Miller, § 197, n. 1. This is an effort directed toward avoiding "…moving to suppress evidence which the government does not intend to use." Advisory Committee Note to the 1974 Amendment to Rule 12.

As the Anderson court noted, the underlying purpose of the rule is to prevent the defense from unnecessarily drafting motions *in limine* to exclude evidence the Government will not introduce in its case in chief, and a listing of that material the Government intends to use is required:

> "Rule 12(b)(4)(B) allows a defendant to 'request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.' FED. R. CRIM. P. 12(b)(4)(B). The purpose of this provision of Rule 12 is to 'insur[e] that a defendant knows of the government's intention to use evidence to which the defendant may want to object.' FED. R. CRIM.. P. 12 Advisory Committee Note to 1974 Amendment. Requiring the government to specify which of the material already discoverable under Rule 16 that it intends to use in its case-in-chief allows the defendant 'to avoid the necessity of moving to suppress evidence which the government does not intend to use.' *Id*. The amendments proposed by the Supreme Court and permitted by Congress to take effect in 1975 show that compliance with such a defense request is mandatory: 'the government, either on its own or in response to a request by the defendant, **must** notify the defendant of its intent to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence.' FED. R. CRIM. P. 12, Notes of the Committee on the Judiciary to 1975 Enactment, Amendments Proposed by the Supreme Court, H.R.Rep. No. 94-247 (emphasis added); see also Advisory Committee Note to 2002 Amendment (in explaining renumbering and reorganization of subparts of the Rule, stating that ' [t]he Committee believed that [old Rule 12(d) ], which addresses the government's **requirement** to disclose discoverable information for the purpose of facilitating timely defense objections and motions, was more appropriately associated with the pretrial motions specified in Rule 12(b)(3).') (emphasis added); *United States v. Norman*, 2005 WL 2739082, at *2 (S.D.Ill.2005) ('the government is obligated to comply with

both Rule 16 and Rule 12(b)(4)(B).').Defendant's entitlement under Rule 12(b)(4)(B), then, is clear: of the material seized from Mr. Anderson's home and office, the government must notify defendant of the evidence that it intends to use in its case-in-chief'that is, the evidence that will appear on the government's exhibit list for trial. This does not include evidence that its witnesses may have reviewed or relied on, but that the government does not plan to offer in evidence at trial.

TheCourt's Order will not prevent the government from using evidence not disclosed under Rule 12 for such purposes as refreshing its witnesses' recollection, impeaching defendant's witnesses, or presenting its rebuttal case, 'so long as the use of [those documents] was not planned in advance' of trial. *United States v. Poindexter,* 727 F.Supp. 1470, 1484 (D.D.C. 1989)."

Anderson, 416 F.Supp. 2d at 112-13 (emphasis in original); *See also* U.S. v. Moyer, 726

F.Supp.2d 498, 514 (M.D. Pa. 2010):

"Under Rule of Criminal Procedure 12(b), a defendant may request notice of the Government's intent to use evidence that the defendant may receive as discovery under Rule 16 so long as that evidence is related to the defendant's motion to suppress....The Government contends that it has reviewed its files and turned over all evidence required under Rule 16 and that it will continue to do so should any further evidence arise. Pursuant to Rule 12(b) and in the interest of fostering a speedy and efficient trial and motions process, the Government will be ordered to provide Defendant with notice as to which pieces of this evidence falling under Rule 16 discovery that it intends to use at trial."

**Conclusion**

The request for a compilation of material actually sought to be used at trial is reasonable in light of the large volume of discoverable material in this case.

The Court is asked to direct the Government to specify what it actually intends to use in its case in chief at trial against Mr. Deeter in order for Mr. Deeter to draft appropriate motions *in limine*.

Respectfully submitted,

S/Fred Randolph Lynn
Fred Randolph Lynn, OBA # 15296
907 South Detroit Avenue, Suite 1330
Tulsa, Oklahoma 74120-4305
(918) 693-8299
(918) 392-7936 (facsimile)
fredrandolphlynn@gmail.com

Attorney for Mr. Deeter

**Proof of Service**

I hereby certify that on this 22d day of December 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) all counsel of record registered with the CM/ECF system.

S/*Randy Lynn*