IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **United States of America,** ) | | |
| **Plaintiff,** ) | | |
| vs. ) | Case Nos. | 22-CR-115-JFH |
| ) | | |
| **Richard Dale Deeter, Jr.** ) | | |

### Defendant Richard Dale Deeter, Jr's
### Opposed Motion *in limine* to Exclude Proposed Testimony of
### "Gang" Expert[1]

Mr. Deeter hereby moves the Court to exclude the proposed testimony of the Government's proposed "Gang Expert", Mr. Nathan B. Willman, whom the Government wishes to testify "...as an expert in the means and methods of operations of prison gangs, including the Universal Aryan Brotherhood (UAB) in particular, and gang affiliations of the defendants."[2]

**Fed.R.Evid. 401, 402, 403 and 404**

Mr. Deeter will not be on trial for being a member of a prison gang. None of the statutes charging Mr. Deeter in the Indictment require proof of membership in a prison gang as an element. No known defenses require proof of lack of membership in a prison gang as an element, either.

Consideration of the complained of material under the appropriate provisions of the Federal Rules Evidence demonstrates its inadmissibility. Relevant evidence is material that "that possesses some tendency to make more or less probable some fact of consequence in a

---

[1] The parties have conferred in good faith and have been unable to resolve the dispute. Concurrence could not be reached because the Government intends to introduce the testimony at issue in this Motion.

[2] Exhibit '1" letter and notice regarding proposed expert testimony of Mr. Willman.

case" (See Fed.R.Evid. 401). As Mr. Deeter is not on trial for begin a member of a prison gang, material tending to show such acts is not "of consequence" to this case. Thus such material is irrelevant and therefore inadmissible under Fed.R.Evid. 402: "Evidence which is not relevant is not admissible."

That lack of probative value is especially troubling in light of the problems that admission of such material would cause. Such problems include unfair prejudice to Mr. Woods, confusion of the issues for the jury's determination, misleading the jury as to the issues for their determination and wasting the Court's time.

To the extent that the complained of material indicates a tendency on the part of Mr. Deeter to engage in unsavory activities generally (such as being in prison, and further being in a "prison gang", the relevant case law absolutely forbids its introduction, under Fed.R.Evid. 403 and 404. Attempting introduction of such material is well-known and roundly condemned; it is called "Give a dog an ill name and hang him." <u>U.S. v.Shomo</u>, 786 F.2d 981, 986 (10th Cir. 1986).

Evidence that makes someone out to be a bad person, or to have a tendency to break the law, is simply not allowable in our system:

> "Showing that a man is generally bad has never been under our system allowable."

<u>U.S. v. Burkhart,</u> 458 F.2d 201, 204 (10th Cir. 1972).

Introduction of such material effectively dictates a guilty verdict, because jurors tend to make up their minds based on it, rather than the properly admissible evidence of the offense at issue, which eliminates a Defendant's ability to defend the specific crime charged:

> "…[prosecutors]…may not show the defendant's prior trouble with the law, specific criminal acts, or ill name among his neighbors, even though such facts might be logically persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh

too much with the jury and to overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge."

Michelson v. U.S., 335 U.S. 469, 475-76 (1948).

That is what Fed.R.Evid. 403 is talking about when it talks about "unfair prejudice" and "confusion of the issues". Evidence of other, unindicted illegal[3] (or merely unsavory) activities unfairly prejudices a Defendant by diminishing his ability to meet the allegations made in the indictment at issue. It also confuses the jury as to its task. The jury is supposed to determine the facts alleged for the crime charged. Allowing into evidence material of other purported misdeeds routinely committed by members of "prison gangs" risks the jury making a determination regarding the Defendant's general character. That is precisely what the Federal Rules of Evidence seek to prevent:

"…the overall effect of such evidence was to create a prejudicial portrayal of the defendant as a person of a criminal character with a trait of taking part in general criminal activities for an undefined period."

U.S. v. Biswell, 700 F.2d 1310, 1316 (10th Cir. 1983);

"As a result, appellant was subjected to exactly the kind of extreme and unfair prejudice that Rule 404(b) was intended to prevent."

Shomo, *Supra*, 786 F.2d at 986.

A long line of cases in this Circuit makes clear such efforts are not tolerated: U.S. v. McDermott, 64 F.3d 1448, 1456-57 (10th Cir. 1995); U.S. v. Sullivan, 919 F.2d 1403, 1416-17 (10th Cir. 1990); U.S. v. Temple, 862 F.2d 821, 824 (10th Cir. 1988); U.S. v. Hogue, 827 F.2d 660, 662-63 (10th Cir. 1987); U.S. v. Shepherd, 739 F.2d 510, 513-14 (10th Cir. 1984) and U.S. v. Gilliland, 586 F.2d 1384, 1389-90 (10th Cir. 1978).

---

[3] To date no notices pursuant to Fed.R.Evid. 404(b) have been submitted, but proposed expert testimony like that of Mr. Willman will not doubt be replete with such activities - - even instances of conduct not connected to Mr. Deeter.

**Conclusion**

Mr. Deeter is not on trial for any acts not set forth in the indictment. Thus, they are not relevant to this case.

Respectfully submitted,

S/Randy Lynn
Fred Randolph Lynn OBA # 15296
907 South Detroit Avenue
Suite 1330
Tulsa, Oklahoma 74120-4305
(918) 693-8299
fredrandolphlynn@gmail.com

Attorney for Mr. Deeter

**Proof of Service**

I hereby certify that on this 22d day of December 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) all counsel of record registered with the CM/ECF system.

S/*Randy Lynn*