IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-CR-115-CVE |
| ) | |
| RICHARD DALE DEETER, JR., ) | |
| ) | |
| Defendant. ) | |

**Defendant Richard Dale Deeter, Jr's
Opposed Motion for *Petersen* Hearing[1]**

Pursuant to United States v. Petersen, 611 F.2d 1313, 1330 (10th Cir. 1979); *See also* United States v. James, 590 F.2d 575, 582 (5th Cir. 1979), Defendant Richard Dale Deeter, Jr., (hereinafter referred to as "Mr. Deeter") moves the Court for a hearing, on the record, as far in advance of trial as practicable, to determine the following: which statements (if any), made by whom, to whom, were made during the course of and in furtherance of which conspiracy(ies), involving Mr. Deeter. Mr. Deeter hereby disputes the "preliminary facts" of his involvement in any conspiracies, and that any statements made by or to him were made in the course of and in the furtherance of any conspiracies.

---

[1]The parties have conferred in good faith and been unable to resolve this dispute. Concurrence could not be obtained because the Government's position is that the statements in question have been produced in discovery.

Mr. Deeter does not know what statements, made by whom, if any, the Government intends to use at trial. In the event that the Government intends to admit any statements under Fed.R.Evid. 801(d)(2)(E)(which defines certain statements of coconspirators as "nonhearsay"),

Bourjaily v. U.S., 483 U.S. 171 (1987) requires that before a statement sought to be admitted under Fed.R.Evid. 801(d)(2)(E) can come into evidence,

> "…the court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course of and in furtherance of the conspiracy."

Bourjaily, 483 U.S. at 175.

The Government bears the burden of proving these items, by a preponderance of the evidence: "Therefore, we hold that when the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence." Id. at 176.

There are two methods by which these determinations can be made. First, and "strongly preferred" by the Tenth Circuit, the trial court makes the determinations required by Fed.R.Evid. 801(d)(2)(E) on the record, outside the hearing of the jury. The other method is to admit the statements "provisionally", subject to them "connecting up" somewhere later in the trial.

As this Tenth Circuit has stated,

> "This is **not** the preferred course. The **strongly preferred** order of proof in determining the admissibility of an alleged coconspirator statement is first to hold a 'James hearing'….outside the presence of the jury to determine by a preponderance of the evidence the existence of a conspiracy…..The reason for this preference is that if the court provisionally admits a statement with the idea that the statement and other evidence will later 'connect up' showing the existence of a predicate conspiracy, there is a risk of undue prejudice if in the end the evidence does not in fact 'connect up.'"

U.S. v. Urena, 27 F.3d 1487, 1491 (10th Cir. 1994)(emphasis added)(citations omitted).

The importance of such a hearing, with specific findings made on the record, increases proportionally with the importance of the statement sought to be admitted under Fed.R.Evid. 801(d)(2)(E):

> "The record reveals that the coconspirator hearsay testimony was the most damaging and probative evidence offered by the government against the defendant. If one discounts the disputed hearsay testimony, the evidence remaining as to the defendant's involvement in the conspiracy is minimal. Thus, the district court's error was not harmless. In addition, the 'in furtherance' requirement of 801(d)(2)(E) was intended to be a significant obstacle for the government; it is to be strictly construed and narrowly applied. Consequently, remand is necessary so that the trial judge can carefully scrutinize the statements before determining their admissibility."

U.S. v. Rascon, 8 F.3d 1537, 1540 (10th Cir. 1993).

Respectfully submitted,

s/Fred Randolph Lynn
Fred Randolph Lynn, OBA #15296
907 South Detroit Avenue
Suite 1330
Tulsa, Oklahoma 74120-4205
(918) 693-8299
(918) 392-7936 (facsimile)
fredrandoplphlynn@gmail.com

Attorney for Mr. Deeter

## CERTIFICATE OF SERVICE

I hereby certify that on this 22d day of December, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System, which will then send a notification of such filing (NEF) to all counsel of record registered with the CM/ECF system.

s/Fred Randolph Lynn