# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  **Plaintiff**,  v.  RICHARD DALE DEETER, JR., DONALD B. PEARSON, JONNA ELISA STEELE, JOHNNY WESLEY BOYD SPARKS, a/k/a "J5," IZABELLA MARIE BOLING, a/k/a "Turbo," NICOLE COX, a/k/a "Nicole Michelle Jenner," a/k/a "Nicole Michelle Cox," a/k/a "Nicole Patterson,"  **Defendants**. | Case No. 22-CR-115-JFH |

**Response to Defendant Deeter's Motion for Production of *Brady* Material or, in the Alternative, In Camera Review of Such Material (Doc. 114)**

The government urges this Court to deny this motion. The government is mindful of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972) and Rule 16 of the Federal Rules of Criminal Procedure and will comply with the requirements. Deeter's request exceeds the requirements of these doctrines and rule.

### A. Deeter does not identify any *Brady/Giglio* material in Detective Gatwood's internal affairs file or make a plausible showing that such material will be found in the file.

The Due Process Clause requires the government to disclose evidence in its possession that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. This obligation exists without regard to whether the defense requests such material. *Kyles v. Whitley*, 514 U.S. 419, 433 (1995). The government's obligations under *Brady* extend to producing evidence that could be used to impeach government witnesses, even if the evidence is not inherently exculpatory. *Giglio*, 405 U.S. at 153. Moreover, under *Brady* the government has an affirmative duty "to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Kyles*, 514 U.S. at 437.

The government has complied with and will continue to comply with all requirements of the Due Process Clause, *Brady*, *Giglio*, and Fed. R. Crim. P. 16. The government's compliance has included and will continue to include learning of any favorable information known to others acting on the government's behalf, namely, law enforcement officers. The government has inquired and is not aware of any discoverable material contained within Detective Jeffrey Gatwood's internal affairs file.

### B. Deeter has made no showing to warrant an *In Camera* review

Where the defense requests that the Court conduct an *in camera* review of particular files for *Brady* material, the defense must make a "plausible showing" that the files

contain "material" exculpatory or impeachment evidence. *United States v. Williams*, 576 F.3d 1149, 1163 (10th Cir. 2009); *see United States v. Garcia-Martinez*, 730 F. App'x 665, 673 (10th Cir. 2018) (unpublished) ("[I]n camera review is frequently time-consuming and may tax limited judicial resources; therefore, it is not a remedy to be unstintedly granted.").

The defendant's showing must consist of more than mere speculation or conjecture. *See United States v. Prochilo*, 629 F.3d 264, 268-69 (1st Cir. 2011) (defendant must "articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material"; and this showing "cannot consist of mere speculation"); *Godlock v. Fatkin*, 84 F. App'x 24, 29 (10th Cir. 2003) (unpublished) ("[W]e are not obligated to remand for an in camera review of the medical report to determine whether it contains Brady material" because the habeas petitioner's "conclusory allegations and speculation about what the medical report might contain fail to meet the Brady standard[.]").

Here, Deeter fails to make a plausible showing that Detective Gatwood's internal affairs file contains material favorable evidence as to him. *See Williams*, 576 F.3d at 1163. Deeter's motion is conclusory and speculative. Deeter specifically says the file "may well contain evidence that impeaches [Gatwood's] credibility." Doc. 114. Deeter fails to identify any evidence he expects to find in the file that would be "both favorable to him and material." *Prochilo*, 629 F.3d at 268-69. Further, "[t]here is no indication that any of

the information contained in [Detective Gatwood's] internal affairs file relates to [Deeter's] case," *Williams*, 576 F.3d at 1163.

The government will continue to comply with its obligations under Fed. R. Crim. P. 16, *Brady*, *Giglio*, and the Due Process Clause. However, Deeter's conclusory motion falls far short of showing that he is entitled to rummage through Detective Gatwood's internal affairs file or that he is entitled to have the Court search that file for possible *Brady* evidence.

## Conclusion

The Court should deny Deeter's Motion for Production of *Brady* Material (Doc. 114) because the government is not in possession of such material. Further, the Court should deny Deeter's request for in camera review of the internal affairs file because he has not made a plausible showing that the file contains *Brady/Giglio* material.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney

 */s/ David A. Nasar*
David A. Nasar, NY Reg. # 4222568
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of December, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Lynn
*Attorney for Richard Dale Deeter, Jr.*

Clint James
*Attorney for Donald B. Pearson*

Richard White
*Attorney for Jonna Elise Steele*

Jeffrey Williams
*Attorney for Johnny Wesley Boyd Sparks*

Scott Troy
*Attorney for Izabella Marie Boling*

Michael Noland
*Attorney for Nicole Cox*