## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 22-CR-115-JFH |
| RICHARD DALE DEETER, JR.,<br>DONALD B. PEARSON,<br>JONNA ELISA STEELE,<br>JOHNNY WESLEY BOYD SPARKS,<br>a/k/a "J5,"<br>IZABELLA MARIE BOLING, a/k/a<br>"Turbo,"<br>NICOLE COX,<br>a/k/a "Nicole Michelle Jenner,"<br>a/k/a "Nicole Michelle Cox,"<br>a/k/a "Nicole Patterson," | |
| **Defendants.** | |

### Response to Defendants Deeter's
### Motion for Particularized Discovery (Doc. 115)

The government urges this Court to deny this motion. When charging a defendant, the government must provide enough information to allow him or her to prepare a defense, avoid prejudicial surprise at trial, and preclude a second prosecution for the same offense. *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). The detailed indictment and discovery provide Deeter with the information needed to accomplish all of this.

## A. The Indictment Meets This Standard

Typically, an indictment meets that standard if it "sets forth the elements of the offense[s] charged and sufficiently appris[es] the defendant of the charges to enable him to prepare for trial." *Id.* (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)). If the indictment is vague or overly broad, a district court may order the government to issue a bill of particulars "inform[ing] the defendant of the charge[s] against him with sufficient precision to allow him to prepare his defense." *Id.* (quoting *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992)); *see also* Fed. R. Crim. P. 7(f). Such orders are rare – bills of particulars are "far from routine" in federal practice. 1 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 130, Bill of Particulars (5th ed. October 2022 Update).

In this case, the 40-page indictment describes the elements of each charge and gives each defendant the information he or she needs to prepare for trial. Take Count Five, which charges five of the defendants with conspiring to possess firearms during and in relation to and in furtherance of a drug trafficking crime. Doc. 2 at 9 to 14; 18 U.S.C. § 924(o). The indictment explains that the government will use the defendants' Facebook and text message communications to prove the existence of a conspiracy. It also details over two dozen overt acts that conspirators, including the defendants, committed to further the conspiracy. The indictment puts each defendant on notice of the elements of the crime with which he or she is charged and the manner in which the government intends to prove those elements.

2

Count Six likewise puts the defendants on notice of the crimes of which they are accused and gives them the information they need to prepare for trial. Count Six adequately recites the elements of a violation of 21 U.S.C. § 846. It includes the dates of the alleged conspiracy, defines the nature of the conspiracy as one to distribute and possess with intent to distribute methamphetamine, describes the location of the conspiracy as the Northern District of Oklahoma and elsewhere and the specific drug alleged. An indictment for a conspiracy to distribute controlled substances "need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" *United States v. Dunn*, 841 F.2d 1026, 1029 (10 Cir. 1988) (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978).

A recitation of overt acts is not necessary for an indictment under 21 U.S.C. § 846. *United States v. Brown*, 934 F.2d 886, 889 (7th Cir. 1991) and *United States v. Morehead*, 959 F.2d 1489, 1499 n.2 (10th Cir. 1992). However, this indictment has 85 detailed overt acts alleged. These overt acts also refer to co-conspirators, arrests of the conspirators in possession of contraband, as well as statements made by the defendants themselves. This indictment is sufficient notice to the defendant. It is sufficiently precise as to the time frame of the conspiracy. *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992). With that information, Deeter can prepare a defense and avoid surprise.

**A. Discovery Obviates the Need for a Bill of Particulars**

As Deeter notes, the government has provided substantial discovery. The Tenth Circuit has consistently held that full discovery can obviate the need for a bill of

particulars. *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995). In fact, Deeter joined in the motion for this Court to declare the case complex to provide defense counsel more time to review the voluminous discovery. *See* Doc. 62. Judge Claire V. Eagan granted that motion. Doc. 76.

A bill of particulars is "not a discovery device." *Dunn*, 841 F.2d at 1029. Deeter is requesting the government "specify exactly what evidence it intends to use at trial." Doc. 115. This is precisely contrary to what the Tenth Circuit has required. *Dunn*, 841 F.2d at 1030. Rather than "all the evidence the government intends to produce" the defendant is merely entitled to "only the theory of the government's case." *Id.* This Court should deny Deeter's motion because a "bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

Deeter's motion essentially asks the government to make his case for him by doing the hard work of preparing the discovery on his behalf. Rather, the government has a duty to provide discovery with "sufficient information to allow [the defendants] to prepare their defense." *Ivy*, 83 F.3d at 1282. Once the government hands over that discovery, it is the defendants' responsibility to "prepar[e] their defense, regardless of whether the discovery [is] copious and the preparation of the defense [is] difficult." *Id.*

**Conclusion**

Between the government's 40-page indictment and the discovery, Deeter has all the information needed to prepare a defense, avoid prejudicial surprise at trial, and if necessary, assert double jeopardy in any other prosecution. The Court should therefore deny Deeter's motion.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney


 /s/ David A. Nasar
David A. Nasar, NY Reg. # 4222568
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Lynn
*Attorney for Richard Dale Deeter, Jr.*

Clint James
*Attorney for Donald B. Pearson*

Richard White
*Attorney for Jonna Elise Steele*

Jeffrey Williams
*Attorney for Johnny Wesley Boyd Sparks*

Scott Troy
*Attorney for Izabella Marie Boling*

Michael Noland
*Attorney for Nicole Cox*