IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>RICHARD DALE DEETER, JR.,<br>DONALD B. PEARSON,<br>JONNA ELISA STEELE,<br>JOHNNY WESLEY BOYD SPARKS,<br>a/k/a "J5,"<br>IZABELLA MARIE BOLING, a/k/a<br>"Turbo,"<br>NICOLE COX,<br>a/k/a "Nicole Michelle Jenner,"<br>a/k/a "Nicole Michelle Cox,"<br>a/k/a "Nicole Patterson,"<br><br>        Defendants. | Case No. 22-CR-115-JFH |

**Government's Response to Defendant Deeter's Motion in Limine
Regarding Gang Affiliation (Doc. 116)**

The government expects to offer evidence of the defendants' gang affiliation as part of its proof of the conspiracy. The trial Court has broad discretion to admit evidence. *United States v. Knox*, 124 F.3d 1360, 1363 (10th Cir. 1997). The United States, therefore, moves the Court *in limine* to admit this testimony.

**A. Gang Affiliation Evidence is Proof of the Defendants' Joint Venture and the Existence of a Conspiracy**

The government expects to offer evidence of the defendants' gang affiliation as part of its proof of the charged firearm and drug conspiracies. The expert witness in

this case is expected to testify about the Universal Aryan Brotherhood and its members' involvement in crimes, including drug distribution. It is well settled that evidence tending to show a close relationship with those involved in a conspiracy is relevant for jury consideration. *See, e.g.,* U*nited States v. Robinson,* 978 F.2d 1554, 1562 (10th Cir. 1992). Evidence illuminating the nature of relationships between the accused and their alleged conspirators enables the jury to evaluate whether it was more likely that the defendants would have conspired with others as charged. *United States v. Guerrero*, 169 F.3d 933, 944 (5th Cir. 1999). Numerous courts have determined evidence of gang involvement, affiliation or association is admissible when probative of a joint venture, the existence of a conspiracy and the accused's participation in it, the relationship between alleged conspirators and/or the basis of the relationship between the defendants and witnesses. *United States v. Brown*, 200 F.3d 700 (10th Cir. 1999). Gang affiliation is particularly relevant where the interrelationship between people is a central issue. *Id.; United States v. Hartsfield*, 976 F.2d 1349 (10th Cir. 1992), *see also United States v. Easter*, 66 F.3d 1018, 1020-21 (9th Cir. 1995) (gang affiliation relevant to question of identity). Gang membership and items related to gang activity are similar to "tools of the trade" type evidence. *Robinson*, 978 F.2d at 1563; *United States v. Brown*, 200 F.3d 700, 708 (10th Cir. 1999).

Evidence of the defendants' gang affiliation would be evidence to demonstrate an essential element of an offense. This evidence would help to establish an agreement among the subjects, the purpose of the conspiracy and knowledge on the part of the individual conspirators. Further, associational evidence may be directly relevant on

the issues of formation, agreement and purpose of a conspiracy. *United States v. Sloan*, 65 F.3d 149, 151 (10th Cir. 1995) (evidence of gang activity more probative than prejudicial when used to prove the existence of a conspiracy); *see also United States v. Archuleta*, 737 F.3d 1287 (10th Cir. 2013).

### B. The Probative Value of the Evidence Outweighs Any Unfair Prejudice

Fed. R. Evid. 401 defines evidence as relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *United States v. Shomo*, 786 F.2d 981 (10th Cir. 1986). Generally, all relevant evidence is admissible under Fed. R. Evid. 402, unless its probative value is substantially outweighed by considerations enumerated in Fed. R. Evid. 403. Because relevant evidence is inherently prejudicial it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matters under Rule 403.

In this case, the probative value of the evidence of gang membership outweighs any prejudice associated therewith. This is a drug conspiracy case which, by its nature, has prejudicial evidence associated therewith. Most relevant evidence is prejudicial, only unfairly prejudicial evidence need be excluded. Evidence of gang affiliation is probative, relevant and any prejudice is outweighed by its probative value. The government's prosecution is based, in combination with other proof, on inferences drawn from evidence of the conspirators' relationships through their gang affiliation. Evidence of gang affiliation is part of the evidence the government will

offer as proof of the conspirators' agreement, the purpose of the conspiracy and knowledge on the part of these defendants.

The government will offer testimony concerning gangs and their involvement in various criminal activities. Membership in a street gang implies knowledge of criminal activity routinely conducted by gang members. Evidence tending to show an agreement between the conspirators will be relevant to the jury's determination. In this case, proof of the defendant's membership in the conspiracy will be based in part on circumstantial evidence – such as affiliation with the UAB. It has long been held that "conspiracies are often provable only by circumstantial evidence." *United States v. Fox*, 902 F.2d 1508, 1515 (10th Cir. 1990).

None of the cases Deeter cites in his motion relate to gang affiliation evidence. In fact, most deal with admission of uncharged crimes against the defendants. Thus, their holdings are not applicable to this matter. While *U.S. v. McDermott*, 64 F.3d 1448 (10th Cir. 1995), did involve a Continuing Criminal Enterprise charge, the ruling in that case related to the admission of evidence that defendant threatened to have his friend's ex-fiancé killed.

## Conclusion

The evidence of the gang related materials is properly relevant in this case. Any prejudice is outweighed by its probative value.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney


 /s/ David A. Nasar
David A. Nasar, NY Reg. # 4222568
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Lynn
*Attorney for Richard Dale Deeter, Jr.*

Clint James
*Attorney for Donald B. Pearson*

Richard White
*Attorney for Jonna Elise Steele*

Jeffrey Williams
*Attorney for Johnny Wesley Boyd Sparks*

Scott Troy
*Attorney for Izabella Marie Boling*

Michael Noland
*Attorney for Nicole Cox*