## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 22-CR-115-JFH** |
| **RICHARD DALE DEETER, JR.,**<br>**DONALD B. PEARSON,**<br>**JONNA ELISA STEELE,**<br>**JOHNNY WESLEY BOYD SPARKS,**<br>**a/k/a "J5,"**<br>**IZABELLA MARIE BOLING, a/k/a**<br>**"Turbo,"**<br>**NICOLE COX,**<br>**a/k/a "Nicole Michelle Jenner,"**<br>**a/k/a "Nicole Michelle Cox,"**<br>**a/k/a "Nicole Patterson,"** | |
| **Defendants.** | |

### Government's Response to Defendant Deeter's
### Motion for a *Petersen* Hearing (Doc. 117)

A statement by a co-conspirator of a party during the course and in furtherance of the conspiracy is not hearsay, pursuant to Fed. R. Evid. 801(d)(2)(E) and is admissible at trial. Prior to admitting such testimony, a court must determine that: (1) a conspiracy existed by a preponderance of the evidence; (2) the declarant and defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995). A court may make these factual determinations by

either holding a *James* hearing[1], *see generally United States v. James*, 590 F.2d 575 (5th Cir. 1979), or provisionally admitting the evidence subject to a party "connecting it up" through later trial testimony or other evidence.

Although a *James* hearing is the preferred method of the two, the Tenth Circuit has held that this is a preference only, and the district court retains discretion to hold a pretrial hearing or permit the government to "connect up" the statements to a conspiracy at trial. *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994). In *United States v. McMurray*, the Tenth Circuit held that "*Peterson* does not require a trial judge to hold a preliminary hearing on the admissibility of a co-conspirator's statements." 818 F.2d 24, 26 (10th Cir.), cert. denied, 484 U.S. 837 (1987). This is because a "trial court has no obligation to determine the admissibility of possible hearsay at the pretrial stage" *Id.* In either case, the court may consider the statements themselves in determining the establishment of a conspiracy by a preponderance of the evidence. *United States v. Gonzalez-Montoya*, 161 F.3d 643, 6449 (10th Cir. 1998).

There is nothing presented by Deeter that would require a *James* hearing, whereby the court would require the proof of a conspiracy outside the presence of a jury. Requiring the government to lay the proper foundation before admitting the statements, or by connecting them up at a later time, are recognized as appropriate in some instances. This is one of those instances.

---

[1] Also referred to as a *Petersen* hearing.

2

The government urges Deeter's motion to be denied. Evidence of the acts and statements of co-conspirators may be admitted prior to demonstrating participation in the conspiratorial scheme by the objecting defendant, providing the foundation is subsequently laid. *United States v. Andrews*, 585 F.2d 961, 966 (10th Cir. 1978); *United States v. Krohn*, 573 F.2d 1382 (10th Cir.), *cert. denied*, 436 U.S. 946 (1978); *Beckwith v. United States*, 367 F.2d 458 (10th Cir. 1966). Once a conspiracy is established, only slight evidence is required to connect the co-conspirator. *Andrews*, 585 F.2d at 966; *United States v. Turner*, 528 F.2d 143 (9th Cir.), *cert. denied*, 423 U.S. 996 (1975).

A separate hearing on the admissibility of co-conspirators' statements would amount to a time-consuming mini trial outside the presence of the jury. The government would be forced to present most of its case-in-chief in order to show the participation of the defendants and the various declarants in an ongoing conspiracy – a presentation that will need to be rehashed before the jury shortly thereafter. Furthermore, such a premature presentation of the government's case will unduly prejudice the government by giving defendants an unjustified preview of its case.

## Conclusion

Based on the foregoing, the Motion for a *Petersen* hearing should be denied.


Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney


 */s/ David A. Nasar*
David A. Nasar, NY Reg. # 4222568
Assistant United States Attorney
110 West 7th Street, Suite 300
Tulsa, Oklahoma 74119
(918) 382-2700

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2022, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Randy Lynn
*Attorney for Richard Dale Deeter, Jr.*

Clint *James*
*Attorney for Donald B. Pearson*

Richard White
*Attorney for Jonna Elise Steele*

Jeffrey Williams
*Attorney for Johnny Wesley Boyd Sparks*

Scott Troy
*Attorney for Izabella Marie Boling*

Michael Noland
*Attorney for Nicole Cox*